UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL DEROSIER,<br><br>        Plaintiff,<br><br>    v.<br><br>W. KOKOR, et al.,<br><br>        Defendants. | Case No.: 1:15-cv-01018-SAB (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 3] |

      Plaintiff Phil Derosier is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff filed the instant complaint on July 6, 2015, along with a motion for the appointment of counsel. (ECF No. 3.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Plaintiff is advised that the Court must screen complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity.  28 U.S.C. § 1915A(a).  The Court has not yet screened the complaint to determine whether it sufficiently states a claim and the Court will do so in the due course.  If the Court determines that Plaintiff's complaint states a claim, the Court will issue a written order and instruct the Clerk of the Court to send Plaintiff the necessary documents to effect service.  Thus, because the Court has not yet thoroughly screened the complaint pursuant to 28 U.S.C. § 1915A(a), it is premature for the Court to consider Plaintiff's motion.  A brief reveal of the complaint, however, does not reveal exceptional circumstances required to warrant the appointment of counsel.  Accordingly, the Court denies Plaintiff's motion for appointment of counsel, without prejudice.

IT IS SO ORDERED.

Dated:   **July 9, 2015**

UNITED STATES MAGISTRATE JUDGE