UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL DEROSIER,<br><br>       Plaintiff,<br><br>vs.<br><br>W. KOKOR, M.D.; A. HUNT, R.N.; S. FOLLET; and L. D. ZAMORA,<br><br>       Defendants. | Case No. 1:15-cv-01018-RRB<br><br>**<u>DISMISSAL ORDER</u>** |

Plaintiff Phil Derosier, a California state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983 against various officials of the California Department of Corrections and Rehabilitation. Pullett's Complaint arises out of his incarceration at the California Substance Abuse and Treatment Facility, Corcoran ("CSATF") where he is currently incarcerated.

## I.   SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that

---

[1] 28 U.S.C. § 1915A(a).

"seeks monetary relief against a defendant who is immune from such relief."[2] Likewise, a prisoner must exhaust all administrative remedies as may be available,[3] irrespective of whether those administrative remedies provide for monetary relief.[4]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[7]

---

[2]  28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[3]  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[4]  *See Booth*, 532 U.S. at 734.

[5]  Fed. R. Civ. P. 8(a)(2).

[6]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[7]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[8]  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[9]  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[11]

In addition to its powers in screening complaints under 28 U.S.C. § 1915A(a), a trial court may dismiss a complaint for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a claim for relief.[12]

## II.   GRAVAMEN OF COMPLAINT

Derosier suffers from a speech impediment as a result of an anoxic brain injury he suffered in 2010. Derosier's Complaint arises out of a failure to provide him with speech therapy, either at CSATF or by transfer to a facility that provides speech therapy. Dr. Kokor, Derosier's primary care physician, declined to find that speech therapy was

---

[8]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[9]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[10]  *Id.*

[11]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

[12]  *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

medically necessary. The other Defendants processed Derosier's internal appeals: A. Hunt (First Level); S. Follett (Second Level); and L. D. Zamora (Third Level). Derosier seeks an order of this Court that Defendants provide him with appropriate speech therapy and an award of punitive damages.

## III.   DISCUSSION

Initially, the Court notes that punitive damages are disfavored in a § 1983 case and may be awarded only where "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless of callous indifference to the federally protected rights of [the plaintiff]."[13] The Complaint in this case does not allege facts that even remotely support the award of punitive damages.

Derosier's § 1983 claim arises under the Eighth Amendment, which requires that prison officials attend to a prisoner's serious medical needs.[14] Because mere negligence does not violate the Eighth Amendment,[15] Eighth Amendment plaintiffs must show that prison officials acted with at least "deliberate indifference,"[16] that is, that they had actual, subjective awareness of a risk of harm, yet failed to take proper steps to prevent it.[17] Thus, to establish a genuine issue of material fact in a medical-need case, a prisoner must point

---

[13]   *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Dang v. Cross*, 422 F.3d 800, 806–07 (9th Cir. 2005).

[14]   *Estelle v. Gamble,* 429 U.S. 97, 103 (1976).

[15]   *Id.* at 105-06.

[16]   *Id.* at 104.

[17]   *Farmer v. Brennan,* 511 U.S. 825, 837–38 (1994).

to probative evidence in the record that shows (1) a serious medical need, and (2) deliberate indifference (awareness of need and failure to act).[18]

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[19] A mere difference of medical opinion regarding the course of medical treatment is "insufficient as a matter of law, to establish deliberate indifference."[20]

Between October 2011 and March 2012 while incarcerated at Duel Vocational Institution and the California Medical Facility, Vacaville, three physicians recommended speech therapy.[21] Upon his subsequent transfer to CSATF Deosier was seen by Dr. Kokor between October 2012 and February 2013. Dr. Kokor did not recommend speech therapy or transfer to another institution.

---

[18] *McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997).

[19] *Toguchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam) (noting mere indifference, medical malpractice, or negligence do not support a cause of action under the Eighth Amendment).

[20] *Toguchi*, 391 F.3d at 1059–60 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting, also, that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[21] Dr. Wong (Duel Vocational Institution); Dr. McKinney (California Medical Facility, Vacaville), and Dr. Moore (Duel Vocational Institution).

In his April 8, 2013, Health Care Appeal Form (CDC 602 HC) Derosier requested

transfer to an institution where he could receive appropriate speech therapy. Derosier's

request was denied at all three levels of review. At the First Level, A. Hunt and Suzette.

Follett, R.N. held:[22]

**SUMMARY:**
Review of your appeal with attachment(s), Unit Health Record (UHR), and
all pertinent departmental policies and procedures were reviewed. Based on
review of your E- UHR, you were seen by your primary care provider on
4/30/13 at which time your medical condition and treatment plan was
discussed with you. There is no current order for speech therapy at this time.
Therefore, transfer to another institution is not necessary. At this time, your
health is being managed by your primary care provider accordingly. Should
you have any further medical concerns, please feel free to submit 7362
(Heath Care Request Form).[23]

At the Second Level, S. Follett held:

**SUMMARY:**
At the Second Level of Review, a comprehensive review of your electronic
Unit Health Record (eUHR), First Level Appeal Response, and pertinent
departmental policies/procedures was completed. A thorough examination
has been conducted regarding the claim presented and evaluated in
accordance with above listed regulations. All submitted documentation and
supporting arguments have been considered.

In the body of your appeal, you indicate you were advised you would be sent
to speech therapy once you went to the mainline. The progress note you
attached to this appeal is dated 03/01/2012 and was generated while you
were at the Duel Vocational Institution (DVI) Reception Center (RC). The
progress notes indicated the Plan of Care (POC)/ Assessment was to include
speech pathology/therapy when you went to the mainline.

Be advised, treatment is provided based on your current medical needs and
the judgment of your current provider; in accordance with departmental

---

[22] Suzette Follett is not identified as a Defendant.

[23]  Docket 1, p. 17.

policy and procedures. Medical diagnosis and treatment plans can vary between facilities, physicians and specialists throughout the CDCR at any given time. Therefore, your current treatment and Plan of Care (POC) is not on the basis of previous orders of other medical facilities or staff. The professional judgment of your current provider is not rendered as inadequate medical care or deliberate indifference just because another provider may have had a different opinion.

At the First Level of Review you were informed, based on your Primary Care Provider's (PCP) examination of 04/30/2013, and review of progress notes, there is no indication for providing speech therapy. Nor is there any documentation stating your PCP believes you would benefit by transferring to an institution that provides speech therapy to its patients.

Upon reviewing your eUHR, it has been found that since arriving at CSATF/SP Corcoran, you have been seen by your health care providers on a regular basis (10/09/2012, 12/04/2012, 01/03/2013, 02/04/2013 & 04/30/2013). Based upon review of the progress notes, there have been no recommendations for speech therapy to transfer to a facility that provides the aforementioned.

▸  *10/09/2012, Dr. Kokor: Appointment was for establishment of care as you were a new arrival from DVI. It was documented; due to a cerebrovascular accident in 2010 you developed dysarthria (motor speech disorder). There was no indication for referral for speech therapy or transfer to another institution.*
▸  *12/04/2012, Dr. Kokor: Follow up appointment with your PCP. Dysarthria from the CVA in 2010 was documented; however, the doctor did not make any recommendations besides continuing with the current regimen.*
▸  *01/03/2013, Nurse Practitioner (NP) Chipendo: Appointment was scheduled due to request for a chrono. Your speech deficits, due to the CVA, were noted and it. was documented you were "coping well." No recommendations were made for speech therapy or transfer to another facility due to medical need*
▸  *02/04/2013, Dr. Kokor: Follow-up appointment was scheduled for evaluation of recent labs. Your CVA was noted; however, no recommendations made for speech therapy or transfer to another facility for medical care.*
▸  *04/30/2013, NP Chipendo: You presented to the appointment requesting a straw hat. NP Chipendo noted you have some deficits*

> *with speech due to the CVA; however, the POC did not include· any referrals or recommendations for transfer.*
> ▸ *05/28/2013, NP Chipendo: Your appointment was primarily scheduled to discuss medication issues and your request for a straw hat.  While speech impediment was noted, there were no recommendations for referral to speech therapy or transfer to an institution that provided it. A follow-up appointment is to be scheduled within 60 to 90 days*.

If you continue to have concerns regarding your speech, you are advised to submit a CDCR7362 (Health Care Services Request Form) and speak to your PCP regarding the issue.

The medical staff providing health care at CSATF/SP Corcoran has the experience and license to determine the course of your medical treatment. It is apparent that you have been examined by health care providers and educated on. your current diagnosis and follow-up care. Upon review of your medical records, it is evident the Primary Care Providers have provided health care and accommodations in accordance with their professional opinions.

**DECISION:**
Based upon review of your medical records, it is reasonable to determine your medical needs are being addressed appropriately. Although you may have speech impairment; there is no indication to refer you for speech therapy services. Additionally, it has not been recommended by your health care providers that you be transferred to an institution that provides the aforesaid service. As you have not provided any additional information regarding your medical condition that was not already available at the time of your interview, the decision rendered at the First Level of Review is upheld. Your appeal is **<u>DENIED</u>** at the Second Level of Review. You will continue to be monitored and if there are significant changes to your health, your PCP will determine the course of treatment to follow.

The health care of inmates is one of the highest concerns of this department. This institution endeavors to provide appropriate medical care and treatment commensurate with community standards for health care.[24]

---

[24]  Docket 1, pp. 14–16 (italicization in the original).

At the Third Level, L. D. Zamora held:

**BASIS FOR DIRECTOR'S LEVEL DECISION:**
Your appeal file and documents obtained from your Unit Health Record were reviewed by staff. These records indicate:

- You have received ongoing Primary Care Provider (PCP) follow up evaluation and treatment to August 21, 2013, for your history of cerebral vascular accident in 2010 with resulting dysarthria (a motor speech disorder resulting from neurological injury of the motor component of the motor-speech system) with a current plan of care to continue supportive care.
- You have an approved CDCR 1845, Disability Placement Program Verification (DPPV), for speech impairment classification DNS (does not communicate effectively speaking, but does when writing).
- The PCP did not document current medical indication for speech therapy or medical factors requiring transfer to another institution.

While the health care administrative appeals process is an important means of setting forth your health care concerns, it is not a substitute for direct communication about your health with your medical care providers. You are encouraged to continue your care with your assigned medical care providers and share with them new or additional clinical information about your conditions that you believe may affect your care. However, California law directs your medical care providers to offer and provide only the care they determine to be currently medically necessary for you, in accordance with appropriate policies and procedures. Previous orders from other medical facilities or staff, input from medical consultants, and/or your own personal preferences may be considered, but do not control the professional judgment of your current medical care providers.

After review, no intervention at the Director's Level of Review is necessary as your medical condition has been evaluated and you are receiving treatment deemed medically necessary.[25]

With respect to Dr. Kokor, at most Derosier has shown a difference in medical

opinion. As noted above, this is insufficient as a matter of law to establish the elements of

---

[25] Docket 1, pp. 12–13.

a deliberate indifference claim. To prevail Derosier must show that the failure to provide the treatment he desires was medically unacceptable under the circumstances and that refusing to provide the course of treatment was made with a conscious disregard of an excessive risk to Derosier's health.[26] While speech therapy may be of benefit to Derosier, nothing in the Complaint rises to the level necessary to support an Eighth Amendment deliberate indifference claim. Thus, the Complaint as against Dr. Kokor must be dismissed for failure to state a claim upon which relief may be granted. Normally, this Court would dismiss with leave to amend.  In this case it is obvious that Derosier cannot truthfully plead plausible facts that would warrant the granting of any relief against Dr. Kokor. Therefore, any attempt to amend would be futile.[27]

The Complaint against Hunt, Follett, and Zamora arises out of their processing of his internal appeals challenging Dr. Kokor's failure to order speech therapy. In addition to the reasons for dismissing the claim against Dr. Kokor, Derosier has failed to plead that in processing his internal appeals Hunt, Follett, and Zamora, or any of them, denied him his due process rights. Accordingly, the Complaint as against them must also be dismissed without leave to amend.

## IV.    ORDER

The Complaint on file herein is hereby **DISMISSED** in its entirety as against all Defendants without leave to amend.

---

[26]  *Jackson*, 90 F.3d at 332.

[27]  *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

This Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal would be frivolous or taken in bad faith.[28] Therefore, Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter final judgment accordingly.

**IT IS SO ORDERED** this 29th day of September, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[28] 28 U.S.C. § 1915(a)(3);  *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).